Brian Brazier, Esq. (SBN: 245004)
Price Law Group, APC
1204 E. Baseline Road, Suite 102
Tempe, AZ 85283
Tel: 818-907-2030
brian@pricelawgroup.com
*Attorneys for Plaintiff,*
*Irene Morales*

### UNITED STATES DISTRICT COURT
### CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| IRENE MORALES,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>CAPITAL ONE BANK (USA), N.A.,<br><br>　　　　Defendant(s). | **Case No.:** 2:18-cv-1977<br><br>**COMPLAINT AND DEMAND FOR JURY TRIAL**<br><br>　1.　**TCPA, 47 U.S.C. § 227**<br><br>　2.　**RFDCPA, Cal. Civ. Code § 1788**<br><br>**(Unlawful Debt Collection Practices)** |

### COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, Irene Morales ("Plaintiff"), through her attorneys, alleges the following against Defendant, Capital One Bank (USA), N.A., ("Defendant"):

### INTRODUCTION

1. Count I of Plaintiff's Complaint is based upon the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227. The TCPA is a federal statute that broadly regulates the use of automated telephone equipment. Among other things, the TCPA prohibits certain unsolicited marketing calls, restricts

the use of automatic dialers or prerecorded messages, and delegates rulemaking authority to the Federal Communications Commission ("FCC").

2. Count II of Plaintiff's Complaint is based upon Rosenthal Fair Debt Collection Practices Act ("RFDCPA"), CAL. CIV. CODE § 1788, which prohibits debt collectors from engaging in abusive, deceptive and unfair practices in connection with the collection of consumer debts.

3. Count III of Plaintiff's Complaint is based upon CAL. CIV. CODE § 3345, which applies in actions brought on behalf of, or for the benefit of senior citizens and provides

## JURISDICTION AND VENUE

4. Jurisdiction of the Court arises under 47 U.S.C. §227 et seq. and 28 U.S.C. 1331.

5. Venue is proper pursuant to *28 U.S.C. 1391(b)(2)* in that a substantial part of the events or omissions giving rise to the claim occurred in this District.

6. Defendant transacts business here; personal jurisdiction is established.

## PARTIES

7. Plaintiff is a natural person residing in the County of Los Angeles, State of California.

8. Plaintiff is a debtor as defined by *Cal. Civ. Code § 1788.2(h)*.

9. Defendant is a creditor engaged in the business of giving loans with its principal place of business located in McLean, Virginia. Defendant can be served with process in 1680 Capital One Drive, McLean, VA 22102.

10. Defendant is a debt collector as that term is defined by Cal. Civ. Code §1788.2(c).

11. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

### FACTUAL ALLEGATIONS

12. Defendant is attempting to collect a debt from Plaintiff.

13. In or around May 2017, Defendant began placing calls to Plaintiff's cellular phone number (626) 780-3481, in an attempt to collect an alleged debt.

14. The calls originated from (800) 955-6600. Upon information and belief, this number is owned or operated by Defendant.

15. On or about May 31, 2017, at 11:35 a.m., Plaintiff answered a call from Defendant originating from (800) 955-6600; Plaintiff heard a pause before the collection agent began to speak, indicating the use of an automated telephone dialing system.

16. Defendant informed Plaintiff that it was attempting to collect a debt.

17. Plaintiff unequivocally revoked consent to be called any further. Despite Plaintiff's request not to be contacted, Defendant continued to call Plaintiff.

18. On June 10, 2017, at 1:55 p.m., Ms. Morales answered a second call from Defendant, on her cellular telephone, originating from (800) 955-6600. Plaintiff heard a pause before the representative began to speak, indicating the use of an Automated Telephone Dialing System.

19. Plaintiff spoke with a representative of Defendants and was informed that it was attempting to collect a debt. During the call, Ms. Morales asked for calls to her cell phone to cease.

20. Despite her second request, Defendant continued to call Plaintiff's cellular phone.

21. Between May 31, 2017 and November 1, 2017, Defendant called Plaintiff no less than seventeen (17) times.

22. Many times, when Plaintiff answered calls from Defendant, there was a pre-recorded message or no person on the phone.

23. The Federal Communications Commission ("FCC") noted in its 2003 TCPA Order that a predictive dialer is "equipment that dials numbers and, when certain computer software is attached, also assists telemarketers in predicting when a sales agent will be available to take calls. The hardware, when paired with certain software, has the capacity to store or produce

numbers and dial those numbers at random, in sequential order, or from a database of numbers." 2003 TCPA Order, 18 FCC Rcd at 14091, para. 131.

24. The FCC further explained that the "principal feature of predictive dialing software is a timing function, not number storage or generation." Id.

25. Finally, the FCC stated that "a predictive dialer falls within the meaning and statutory definition of 'automatic telephone dialing equipment' and the intent of Congress." Id. at 14091-92, paras. 132-33.

26. Defendant consistently called Plaintiff around the same time every day, indicating the use of a predictive dialer.

27. For example, Defendant called Plaintiff at 11:35 a.m. (May 31, 2017), 11:08 a.m. (August 7, 2017), 11:08 a.m. (August 8, 2017), 10:35 a.m. (August 24, 2017), and 10:36 a.m. (September 4, 2017).

28. Defendant's conduct not only induced stress but also anxiety that her work would be affected in a negative manner due to the daily incessant calls to her cellular phone.

29. Plaintiff is a senior citizen; presently sixty-seven (67) years of age.

30. Defendant knew or should have known that its conduct was directed as senior citizen because Defendant, upon information and belief, has information concerning Plaintiff's date of birth.

31. Plaintiff would even receive phone calls on Sunday, while the Plaintiff was at Church.

32. As a result of the constant phone calls while at Church, Plaintiff would feel embarrassed in front of other Church members.

33. Plaintiff takes medication for her spine and receiving the constant phone calls would cause additional headaches, stress, and anxiety.

34. Plaintiff usually uses her weekends to sleep in and get additional rest, but Defendant's phone calls have not allowed her to sleep in.

35. Plaintiff has had numerous sleepless nights due to the phone calls by Defendant. Plaintiff would stay up at night thinking about all the phone calls she is receiving from Defendant.

36. As a result of Defendant's conduct, Plaintiff has sustained actual damages including but not limited to, emotional and mental pain and anguish.

## COUNT I
### (Violations of the TCPA, 47 U.S.C. § 227)

37. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

38. Defendant violated the TCPA.  Defendant's violations include, but are not limited to the following:

    a) Within four years prior to the filing of this action, on multiple occasions, Defendant violated TCPA 47 U.S.C. § 227 (b)(1)(A)(iii)

which states in pertinent part, "It shall be unlawful for any person within the United States . . . to make any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using any automatic telephone dialing system or an artificial or prerecorded voice — to any telephone number assigned to a . . . cellular telephone service . . . or any service for which the called party is charged for the call.

b) Within four years prior to the filing of this action, on multiple occasions, Defendant willfully and/or knowingly contacted Plaintiff at Plaintiff's cellular telephone using an artificial prerecorded voice or an automatic telephone dialing system and as such, Defendant knowing and/or willfully violated the TCPA.

39. As a result of Defendant's violations of 47 U.S.C. § 227, Plaintiff is entitled to an award of five hundred dollars ($500.00) in statutory damages, for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B). If the Court finds that Defendant knowingly and/or willfully violated the TCPA, Plaintiff is entitled to an award of one thousand five hundred dollars ($1,500.00), for each and every violation pursuant to 47 U.S.C. § 227(b)(3)(B) and 47 U.S.C. § 227(b)(3)(C).

//

# COUNT II
## (Violations of the Rosenthal Fair Debt Collection Practices Act, Cal. Civ. Code § 1788)

23. Plaintiff incorporates herein by reference all of the above paragraphs of this complaint as though fully set forth herein at length.

24. Defendant violated the RFDCPA. Defendant's violations include, but are not limited to, the following:

   a) Defendant violated Cal. Civ. Code § 1788.11(d) by causing a telephone to ring repeatedly or continuously to annoy the person called;

   b) Defendant violated Cal. Civ. Code § 1788.17 by collecting or attempting to collect a consumer debt without complying with the provisions of Sections 1692b to 1692j, inclusive, of . . . Title 15 of the United States Code (Fair Debt Collection Practices Act).

      i. Defendant violated Cal. Civ. Code § 1788.17 by violating 15 U.S.C. § 1692d by engaging in conduct, the natural consequence of which is to harass, oppress or abuse any person in connection with the collection of the alleged debt; and

      ii. Defendant violated CAL. CIV. CODE § 1788.17 by violating 15 U.S.C. § 1692d(5) by causing Plaintiff's phone to ring or engaging Plaintiff in telephone conversations repeatedly;

      iii. Defendant violated CAL. CIV. CODE § 1788.17 by violating 15 U.S.C. § 1692f by using unfair or unconscionable means in connection with the collection of an alleged debt; and

25. Defendant's acts, as described above, were done intentionally with the purpose of coercing Plaintiff to pay the alleged debt.

26. As a result of the foregoing violations of the RFDCPA, Defendant is liable to Plaintiff for actual damages, statutory damages, and attorneys' fees and costs.

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff, Irene Morales, respectfully requests judgment be entered against Defendant, Capital One, for the following:

    A. Declaratory judgment that Defendant violated the RFDCPA;

    B. Statutory damages of $1,000.00 pursuant to the Rosenthal Fair Debt Collection Practices act, Cal. Civ. Code §1788.30(b);

    C. Actual damages pursuant to Cal. Civ. Code §1788.30(b);

    D. Treble damages pursuant to Cal. Civ. Code § 3345;

    E. Costs and reasonable attorneys' fees pursuant to the Rosenthal Fair Debt Collections Practices Act, Cal. Civ. Code §1788.30(c);

    F. Statutory damages pursuant to 47 U.S.C. § 227(b)(3)(B) and 47 U.S.C. § 227(b)(3)(C);

G. Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law; and

H. Any other relief that this Honorable Court deems appropriate.

RESPECTFULLY SUBMITTED,

Dated: March 9, 2018

By: */s/ Brian Brazier*
Brian Brazier, Esq. (SBN: 245004)
Price Law Group, APC
1204 E. Baseline Road, Suite 102
Tempe, AZ 85283
Tel: 818-907-2030
brian@pricelawgroup.com
*Attorneys for Plaintiff,*
*Irene Morales*